**WABASH-PORTLAND CEMENT COMPANY, Plaintiff-Appellant, v. EVATT, TAX COMMR., et, Defendants-Appellees.**

Ohio Appeals, Second District, Greene County.

No. 472.    Decided April 17, 1942.

James R. Spellman, Columbus, for plaintiff-appellant.

Thomas J. Herbert, Atty. Genl., Columbus, A. A. Cartwright, Special Counsel to Atty. Genl., for William S. Evatt, Tax Commr., defendant-appellee.

## OPINION

By HORNBECK, J.

Before taking up the appeal in this case on the merits we consider a motion interposed by the plaintiff for an order that the above case, No. 22306 in Common Pleas Court, be transferred to the Court of Appeals of this District, "not upon appeal or error or for lack of jurisdiction in the Common Pleas Court but as of an original jurisdiction".

The motion will be overruled. We know of no authority for the order requested. The cause which it is sought to have transferred was an original action in Common Pleas Court as to which, after judgment, plaintiff had the right of review by appropriate appeal of which advantage has been taken. The action is not one of which this court has original jurisdiction.

The appeal in this case is from a judgment of the Common Pleas Court, striking plaintiff's petition from the files for want of jurisdiction of the subject of the action and because the petition did not state facts which show a cause of action.

The appeal was noted as upon questions of law and fact and the trial court fixed the appeal bond at $1000.00. There is nothing in the transcript of docket and journal entries to indicate whether or not the bond was given. However, no motion has been filed to determine that the cause was not to be heard on questions of law and fact. It is not our practice to anticipate the rights of the parties on procedural questions and we, therefore, consider this appeal as on questions of law and fact. An anomalous situation is presented in that all briefs in our court are designated as though the appeal is on questions of law. Practically, the type of appeal makes no difference whatever because the only questions presented are of law, inasmuch as the action of the court was invoked and taken upon a motion directed to the petition only.

At the outset it will be necessary for the court to orient itself upon this appeal, inasmuch as the briefs of counsel present and argue many questions which are not properly before us.

Counsel in the lower court and here proceed upon the theory that the action was to set aside a judgment. The prayer of the petition is not to set aside a judgment, although, the entry in the Common Pleas Court specifically recites that the petition of the plaintiff sought to vacate a judgment recovered by the Department of Taxation against said plaintiff. The prayer of the petition was for a restraining order against the enforcement and execution of a purported lien and the execution and sale of real property. It should also be noted that plaintiff at no place in its petition raises the constitutionality of the Sales Tax Act or the authority granted the Tax Commission of Ohio under §5546-1 GC, et seq. nor of §5546-9a GC, under which the parties in their briefs agree that the judgment was entered in the Clerk of Court's office of Greene County. 12 C. J. 784.

Nor does this court, as assumed by counsel for appellee, take judicial notice of the proceedings incident to the entering of the judgment against the plaintiff. Even the trial judge in this case would not be required to take judicial notice of the judgment entered in the office of the Clerk of Court against the plaintiff. **Burke v McKee, 30 Oh Ap 236,** Horner v State, 8 O. C. C. (N. S.) 441, **Hamilton v Ohio State Bank and Trust Conpany, 20 Oh Ap 493, Schubler v Lilly, 23 Oh Ap 481.**

Briefly, the theory of the petition is that the Tax Commission of the State of Ohio assessed a sales tax in the sum set out in the petition against the plaintiff, as vendor, of certain cement which it had sold to a contractor to be used by him under contract with the State of Ohio on two highway projects; that the vendor was not amenable to this tax because the State of Ohio was the consumer of the cement sold to the contractor and exempt from paying such taxes and, therefore, the plaintiff, the vendor, was also exempt; that the assessment of the Tax Commission should, therefore, not have been made and that subsequent proceedings whereby the lien was placed against the property of the plaintiff in Greene County should not be enforced.

It will be noted that the Tax Commission, as such, is not made a party defendant but William S. Evatt, designated as Commissioner of the Tax Commission of the State of Ohio is named. The relief sought could only have been afforded plaintiff by an order against the Tax Commission which evidently had invoked the provisions of §5546-9a GC, to fix a lien on the property of the plaintiff.

If it be assumed that any relief could be granted against Evatt, Tax Commissioner, or the Tax Commission, as such, it was equitable in nature and could only be awarded if it appeared that the plaintiff had no adequate remedy at law. This averment was made in the petition but it is nothing more than a legal conclusion and unless the facts pleaded and the law, as existent, will support the conclusion, it must fail. Although the relief sought is clearly directed to prevent enforcement of the lien of the Tax Commission, evidence of which is in the office of the Clerk of Courts of Greene County, there is nothing whatever in the petition to indicate the process by which that lien was perfected.

In view of the failure of the petition to set up any facts which, if true, would invalidate the lien which it seeks to set aside, it is probable that the presumption of the regularity and validity of the lien in the Common Pleas Court, Greene County,

would require us to hold that the petition failed to set up a material averment. However, we give consideration to the statute, §5546-9a GC, because it sets up one method by which such lien could be secured and both that section and former §5546-9a GC, effective December 20, 1935, not only accorded to the vendor the right to have the original assessment reconsidered before the commission but also its right of appeal to the Common Pleas Court from any assessment eventually made by the commission against it. It clearly appears that the plaintiff had a remedy at law which must be assumed to be adequate.

The failure and inability of plaintiff to plead inadequacy of its remedy at law made its petition vulnerable to general demurrer and authorized the trial judge to so hold and, inasmuch as the statutory procedure provided for review of the action of the commission assessing the tax had not been observed by the plaintiff, the trial judge was also correct in holding that there was no jurisdiction in the Common Pleas Court to entertain the suit.

The judgment will be affirmed.

GEIGER, P. J., and BARNES, J., concur.